CATHARINE S. CURRAN, administratrix c. t. a. of WIL-
LIAM DUNLAP, deceased,

*vs.*

WILLIAM RUTH.

*New Castle, Feb. T. 1867.*

Where lands were devised to the wife, who was appointed executrix for life, and to be sold within one year after her death by a person named in the will and in case of his refusal and "non-acceptance from any cause which "he may deem sufficient, then proper authority shall appoint some suitable "person to execute the same," and the person named died six months before the testator and no letters testamentary were ever applied for by the wife ; *Held,* that the administratrix with the will annexed had power to make the sale and a specific performance would be decreed.

Bill filed before the new rules of 1868, signed by counsel only.

BILL FOR SPECIFIC PERFORMANCE.—William Dunlap deceased by his will devised all his real estate to his wife Sarah M. Dunlap "to be fully enjoyed by her during "her natural life." He further directed "at the decease "of his wife, that the real estate aforesaid be sold at pub- "li c or private sale, as soon thereafter as a suitable sale "can be effected, not to exceed one year after the decease "of the aforesaid Sarah M. Dunlap" and provided for the disposition of the proceeds of sale.

He appointed his wife to be his executrix and continued "and at the decease of the aforesaid Sarah M. Dun-"lap, I do hereby appoint William D. Ocheltree to make "the aforesaid sale of the real estate, and the distribution "of the legacies as before directed, and in case of his re-"fusal and non-acceptance from any cause which he may " deem sufficient, then the proper authority shall appoint " some suitable person to execute the same, according to " the foregoing directions."

The testator died in the year 1858 and his will was dated February 25, 1850. Letters of administration with the will annexed were granted to the complainant February 23, 1864. The widow of the testator died in the year 1865, no letters testamentary during her lifetime having been applied for or granted to her. William D. Ocheltree had died in the year 1858 about six months prior to the death of the testator.

The complainant sold the land in question, being a farm thirty acres in White Clay Creek Hundred, at public sale on due notice, to the defendant who signed the conditions of sale and paid ten per cent. of the purchase money. There was no dispute as to the facts but the defendant declined to comply because of doubts as to the power in law of the complainant to convey a valid legal title and tendered himself ready to abide the decree of the Court.

The bill in this cause was signed by counsel only.*

The case was submitted upon bill and answer.

*Booth*, for the complainant.

*T. F. Bayard*, for the defendant.

*See Stewart v. Lawson et al., ante p. 25.

THE CHANCELLOR considered that the complainant had power in law under the will and the letters of administration to convey to the defendant a valid legal title to all the estates and interest of the testator to and in the premises and a decree was entered for the payment of the balance of the purchase money by the defendant and for a conveyance by the complainant, and also that the defendant should pay the costs.

NOTE. See *Rev. Code Ch.* 90, *Sec.* 17, also *Chandler, et al. vs. Delaplaine, et al., post.*